Leland Lapier was tried for an offense that apparently was not presented to the grand jury pursuant to a nonspecific conspiracy count. At a minimum, that count was duplicitous. The indictment alleged that on dates beginning in September of 2011 and continuing through December of 2012, so that it gave a fairly broad time frame, but it only named Leland Lapier. The other people who were alleged to be participants in this conspiracy were listed only as those known and unknown to the grand jury. So the government presented its case, and after the government rested, the trial judge explicitly recognized that the government had presented evidence of two separate conspiracies. The government... Counsel, may I ask, before you get into that, do I understand correctly that you're not appealing the conviction on possession? No, Your Honor. What would be the significance, if we found for you on the conspiracy account, as I understand it, the sentences were concurrent, and there wouldn't be any difference in the sentence. Do I have that correct? The sentences were concurrent, Your Honor. However, my understanding is that if a count is reversed, that you go back for a complete new resentencing because the circumstances have changed. Is that clear? I think it is. I think it is clear. Very well. Okay, well, we'll ask the government. Yes, okay. Do you have authority for that? Not off the top of my head, just based on a couple of cases that I did several years ago where I was worried about that very issue. It would seem to me that there could be speculatively, arguably, some collateral consequences down the road, but if it's a concurrent sentence and he gets the same sentence, then you're back where you started on that. And like I say, technically, I think that the judge could impose the same sentence. However, at a minimum, and this isn't relevant here today, but Mr. Lapeer is eligible for the new two-point reduction. So the bottom line is there's going to be resentencing in this case on some level regardless. At least in many circuits, it's considered that each conviction has potential collateral consequences so that you, even if it doesn't change your ultimate sentence, you have at least standing to challenge that sentence. Yes. Yes, I agree with that. And I assume you preserved your rights with respect to that last argument that you just made. Since you have not appealed the possession conviction, I assume you preserved your rights with respect to being considered for the two-point reduction. I don't know that I have to preserve that. My understanding is that we just go in and file those motions on cases that are years old. I see. All right. Very well. Thank you. At trial, of course, Mr. Lapeer's lawyer said we've got two conspiracies, but he didn't ask, of course, for a unanimity instruction. So we're here on plain error, correct? We are here on plain error. But what he did do, however, is he did file the Rule 29 motion after trial. And in that Rule 29 motion, he did raise the duplicity issue and the issue of that perhaps the second conspiracy, the Boucher conspiracy, had not been presented to the grand jury. He said specifically the Fifth Amendment gives every defendant the right to be tried only on the charges made by the grand jury and that the grand jury heard evidence, only heard evidence of the Canyon conspiracy. He cites to the grand jury transcript. However, that is not in the record. But it's kind of a little too late. I mean, the jury's now heard the overarching argument. He's heard his defense counsel say, no, really, there's two conspiracies. And so the question I have is on the Boucher or Boucher. I don't know if we're turning all these people into French people or not with our pronunciation. But why there wouldn't be harmless error because the evidence on that conspiracy was so strong? Well, I think that the separate issue is whether he was tried on account that he was on a charge that he wasn't that didn't go to the grand jury. And they're really based on how nonspecific the indictment was in this case. That's something that wouldn't have been apparent until the government was putting on its evidence. I think that he got that grand jury testimony in the Jenks material, you know, prior to trial. And like I say, as far as I don't, I can't find that grand jury testimony in the transcript. But I think that there's a really big issue here that perhaps I didn't set out as effectively as I might have in my thinking. Well, I mean, that's the question, is what was really argued was this jury unanimity question. Right. And so would you care to share your views on my question of whether there's harmless error because of the strength of at least the Boucher or Boucher conspiracy? And I don't think that the error is harmless. The trial counsel's theory of the case was this was simply a buyer-seller relationship. Mr. Canyon was very clear about that. He was very specific that Lapierre was a customer, that they didn't the other evidence that came in is, first of all, the Boucher conspiracy. That's essentially piling on probably inadmissible 404B evidence. And that was half the trial is the Boucher information. It probably wasn't admissible. The other thing that happened in this case, and, again, there was no objection. You're assuming then that the Canyon conspiracy was the primary conspiracy that was tried. It was tried as a Canyon conspiracy. You know, I think that the government, the way that I read the government's arguments both at trial and on appeal is that the government's theory of this case is that every drug, every methamphetamine transaction in Great Falls, Montana, is part of the same conspiracy. And that anybody who buys or sells from or to anybody is part of one giant overarching conspiracy. And I think that that is clearly wrong. Let's just discount that and go to your argument. Okay. And that is take the Canyon where you have the fronting, you have the testimony, you have the quantity, you have the regularity, a lot of indicia of the conspiracy. Why wouldn't it then be harmless? Because they definitely would have convicted on that. Because he was tried on something he wasn't charged with. And also, again, because there was so much evidence that was not admissible that came in. There was, as I say, there wasn't proper objection, but there was a lot of. See, that's the difficulty is then we're on plain error, and particularly on this jury unanimity question where the counsel knew there was an issue because he argued it before the claim at the end of the case. Yeah, I don't know that he actually argued it. It felt to me more like the judge brought it up. And the judge was the one who was really. And the lawyer didn't jump on it. Right, and nobody did anything about it. So then you still haven't really answered the question is the evidence that did come in without objection is pretty strong on this Canyon conspiracy. And like I say, Mr. Canyon was very clear that this was just a buyer-seller relationship. But the other evidence that came in was probably much of it was not admissible. There was a lot of hearsay that came in that probably was not admissible under the co-conspirator exception to the hearsay rule. The evidence of the partnership came in through Canyon's baby mama, essentially. Lots of her statements are, I don't believe, proper exceptions to the co-conspirator exception to the hearsay rule. Do you want to reserve time for rebuttal? Sure. Good morning, Your Honors. My name is Leif Johnson for the United States. Our position is that there was no plain error in the district court's failure to instruct on specific unanimity for three reasons. We think that the evidence was sufficient to establish a single conspiracy. Second, that there were no overt signs of juror confusion on that point. And finally, to the point that you raised, Judge McKeon, we think that if there were two conspiracies here, the jury would have unanimously or would have convicted on both because of the overwhelming evidence. And given the court's- Counsel, it seems to me that somewhere in the papers, I came up with the notion that the government conceded that there were two conspiracies. Did I get that wrong? I don't think we did concede it, Your Honor. No. Well, if you look at your conversation with the judge, he said, well, are there two separate conspiracies? And defense counsel said, or the government says, Your Honor, that's possible. There were two separate conspiracies. And then later the judge said, well, the government, he wasn't doing business with both Boucher and Kenyon, I don't believe, under the evidence at the same time, was he? And again, your response was no. So at the very least, that satisfies, it seems, the first prong of plain error, which was that both the defense counsel, the government and the court recognized that there were two separate conspiracies, but he was not given a special instruction. So then we move to whether there was injury, I mean, whether it was plain, whether it was prejudicial. And your argument about prejudicial is that he would have been convicted anyhow. But Ninth Circuit law says that that's not the proper test of prejudicial. The proper test of prejudicial is whether his constitutional rights were violated, not whether he was convicted on adequate evidence. And his constitutional right is to have a jury convict you on a clear count. Your Honor, the constitutional question is wrapped up in this sort of issue of whether or not the jury would have convicted him. No, that's not an evidentiary right. Your Honor. The right to a jury conviction is not an evidentiary right of whether there's adequate evidence to convict you. It is a jury right. I understand. And I'm referring to the Lameau case, which we cited in our brief. And in the Lameau case, it was a continuing criminal enterprise case where the government had to prove three predicate actions. And the verdict established two of those, and there were five left that the government presented in that case. And the court had to decide whether or not the jury unanimously could have convicted on any one of those five. And in that case, the court said the defendant's right to a unanimous verdict was not harmed because there was overwhelming evidence of each of the alternate methods to prove that fact that was predicate to the CCE conviction. And that's the nine circumstances. Counsel, did you say? Go ahead, Judge O'Scanlon. Oh, I was going to say, counsel, you say each, but don't you really mean both? What about Payseno, P-A-Y-S-E-N-O? Doesn't that tell us that unless it's absolutely clear that both conspiracies had to be found that the instruction should have been given? No. Your Honor, we think that the best case for that question is the Anguiano case, which we cited in our brief. And that case says that, look, when you have a juror unanimity question, the judge needs to instruct on it sua sponte if there are overt signs that the jury could have been confused about what facts it needed to prove a conviction. And in this case, and in Anguiano and the other cases it cites, the court says, look, there are several signs that we look towards. That's the difference with Anguiano. Anguiano, the parties agreed that there was not likely to be confusion. I mean, nobody, the government never conceded that there was confusion. The court said that there wasn't any confusion. There was no argument that there was confusion. And the evidence and the indictment was quite specific. In our case, the indictment doesn't even identify who the co-conspirator is. The evidence was confusing. Both the government and the court recognized that there was the risk of double. Well, with all due respect, Your Honor, I guess I think that our prosecutor at trial did state that there was one conspiracy, and that was our position. And number one, and I know that we could have certainly done. What was it? Well, if the prosecutor said there was one conspiracy, what did he say that conspiracy was? And did he say it in opening or closing argument to the jury? The overarching conspiracy that was presented at trial through all the evidence, and in my memory of the closing argument, I would have to go back and look. But the overarching conspiracy that was presented through the evidence at trial was that there was this object to bring cheap methamphetamine in from eastern Washington and through Lupeer then distribute it out to Great Falls. This was Lupeer's effort criminally to distribute drugs. He was convicted of that. But then there was this separate conspiracy which requires agreement. We disagree, Your Honor. Lupeer here was the central hub of this conspiracy, and that's what we proved at trial. And it was his connection to the distributors in Great Falls that made him connect these sellers from eastern Washington to the various distributors who were distributing for him in Great Falls. And as you know. What if we reject that characterization? In other words, we don't buy the Hubspoke single conspiracy claim. Sure. Then what happens? Well, then I think you have to look then at whether there really was harmlessness in this case. And as we say, I think the Lameau decision makes it clear that then you need to look at whether or not this Boucher conspiracy and Kenyon conspiracy were both proven with overwhelming evidence. That's my question. In Lameau, you have two different conspiracies. Do you need to prove only that the jury would be inconceivable that they would not have convicted on one of those or both of those in your view? I think in Lameau it was, you know, all of the alternatives. In other words, the jury would have had to have convicted all of them because there was overwhelming evidence there. And we think the same is true here. That's not the question. I thought Lameau actually indicated they were looking at each conspiracy separate and they say whether the evidence is straightforward, generally consistent, powerfully incriminating. And I thought they were applying that standard so that it was an either or. Do you have a different understanding of Lameau? In other words, you think that if we don't buy your overarching, then the government needs to show this powerfully incriminating as to both conspiracies or just one? I think we could show it as to just the Kenyon conspiracy and that would be sufficient. But we certainly have the evidence here that was overwhelming as to both. And we think it's clear that if the jury convicted on the Kenyon end of things, it would have convicted on the Boucher end of things because the proof was essentially very much the same. We had Boucher who testified against Lapeer. We had Kenyon who testified against Lapeer. And then we had the downstream distributor, particularly Mark Abresch, who tied it all together. And that goes back to this sort of hub and wheel issue. But that testimony went to both conspiracies from Mark Abresch because he was one of the distributors and he indicated that there were a number in a like position. And that evidence ---- What's your position on whether it would make any difference if we reversed on this unanimity issue and the dual conspiracy and it went back to the trial judge? Our position is it wouldn't make any difference and that there wouldn't be a need to resentence on that issue because the guideline range was constructed on the possession to distribute count based on the weight. And so the guideline range ---- You really wouldn't have any objection to a reversal then? Oh, we do. Yes, Your Honor. But what is the practical effect? This is the same question I asked your opposing counsel. What is the practical effect of a reversal on the conspiracy issue here? I don't think there is a practical effect on the sentence, Your Honor. In the end, it is a conviction that may have separate collateral consequences as this court has held. That gives rise to standing. But as a practical matter, in the sentence, I don't think it gets the defendant a new sentence. Let me ask it this way. Let's say we disagree with you on the unanimity, failure of unanimity. Do you think that the remedy would be simply to dismiss that count or to remand it to the district court to consider or what would be the remedy that the government thinks should be given? I think that if that count ---- I mean, one possibility would be to dismiss and say that it doesn't affect the sentence and therefore we don't remand. Another approach would be to say that sentencing is a holistic thing and we do remand. I guess that's what I'm trying to ask you. And I just don't see any point to the latter. Sentencing may be a holistic exercise, but the guideline range is going to be the same and the drug weight. You said the guideline range was really driven by the possession, the drug count. The drug weight and plus the number of other conspirators. The drug weight included the counting of drugs under both conspiracies. That is, you didn't get to the 50 grams just on the Kenyan conspiracy. We did not. Well, that's a dispute. We'll hear from the defense about that. My impression of the record was that you needed both conspiracies to get that 50 grams. That's not correct, Your Honor. And the district court, I think, recognized that at the end of the Rule 29 colloquy. Essentially, the district court was confused that we needed to prove actual amounts more than 50 grams. And, of course, as this Court knows, historic amounts can't apply to. The Court simply needs to make a reliable estimate that needs to be conservative and so forth. And in this case, in the Kenyan end of the conspiracy, you know, we have pounds of drugs. There's just no question. And it was 100 percent pure in the test and in the testimony. So there's absolutely no question that it was proven beyond a reasonable doubt. No further questions. Your time has expired. Thank you. Thank you. Just a couple of things. This was more than one conspiracy. There is no overlap in this conspiracy or in either of the conspiracies. The only common denominator is Lapierre, who was dealing with two separate groups of people. As far as Mark Arboresque comes into play, he dealt with Lapierre and Boucher. He did not deal with Kenyan. So they're completely separate. The only common denominators are the downstream buyers that truly are buyer-seller relationships. And as far as the issue of whether the jurors indicated any confusion here, the jurors weren't given any basis to be confused on. They were given standard conspiracy instructions. They weren't given a unanimity instruction. They weren't told that there were possibly two conspiracies here. And we were expecting jurors to be confused based on nuances of conspiracy law that everybody at the trial was having trouble with. About the drug quantities, the government says that drug quantities were adequately proven without the need to combine both conspiracies. Do you agree or disagree? I unfortunately have to agree that more than 50 grams was probably proven based on historical weight. Well, even if the conspiracy were only on Kenyan? Even if it was only on Kenyan. But that doesn't mean that he didn't take a hit from the Boucher amounts as well. Thank you. Thank you. Thank you. I thank both counsel for your argument this morning. United States v. Lapierre is submitted.
judges: O'scannlain, Ebel, McKeown